IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JASON DARNELL MOBLEY,           )
                                )
              Plaintiff,         )
                                )
v.                              )       1:17CV114
                                )
GREENSBORO CITY POLICE          )
DEPARTMENT, OFFICER B.D.        )
ESTES, OFFICER T.D. BROWN,      )
                                )
              Defendants.        )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiff Jason Darnell Mobley brings this action pro se, seeking damages as a result of his allegedly wrongful arrest. Defendants Greensboro City Police Department ("GPD") and GPD Officers B.D. Estes and T.D. Brown move to dismiss the complaint on a variety of grounds. (Doc. 10.) Mobley has filed responsive briefs (Docs. 13, 16.)[1] For the reasons that follow, Defendants' motion will be granted in part and denied in part.

## I.  BACKGROUND

The allegations of Mobley's complaint, which are accepted as true for purposes of the present motion, lay out the following:

---

[1] Docket Entry 16 is a surreply brief, which is not ordinarily allowed absent court permission. L.R. 7.3(h). The court will permit the surreply in this case, given Mobley's pro se status and the issues raised in his response and Defendants' reply.

On October 31, 2013, Officers Estes and Brown arrested Mobley, along with nine other occupants of a hotel room, following a search that led to the discovery of nine baggies of marijuana, a scale, and plastic baggies. (Doc. 2 at 2-3.) Mobley personally had no illegal drugs or paraphernalia on his person, nor was the hotel room registered in his name. (Id. at 3.) Mobley seeks $10,000,000 in damages for "false arrest," as well as punitive damages.

The Defendants now raise various contentions as to why dismissal is appropriate. Each will be addressed below.

## II. ANALYSIS

All but one of Defendants' grounds for dismissal are raised through Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion under Rule 12(b)(6) is to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted), and all reasonable inferences must be drawn in the plaintiff's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To be facially plausible, a claim must "plead[] factual content that allows the court to draw the reasonable

2

inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  While "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor," Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citing McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 327 (4th Cir. 1996)), this "does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim," id.  Mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

"When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief.  In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Armstrong v. Rolm A. Siemans Co., 129 F.3d 1258 (4th Cir. 1997) (unpublished table opinion) (citations omitted).

3

However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted). Nor does it require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### A. Defendant Estes

Defendant Estes argues that he has never been served with process and thus the complaint against him should be dismissed for insufficiency of process, pursuant to Federal Rule of Civil Procedure 12(b)(5), as well as lack of personal jurisdiction over him, pursuant to Rule 12(b)(2). Mobley responds only that Estes "is no longer employed by the Greensboro Police Department and [is] unable to be served." (Doc. 13 at 3.)

Federal Rules of Civil Procedure 4 and 12(b)(2) and (5) require that a defendant be properly served with process to bring him before the court where it can exercise jurisdiction over him. Here, the U.S. Marshal returned the summons as unexecuted on March 16, 2017. (Doc. 9 at 2.) Mobley has made no other effort to serve Estes. Therefore, the court lacks jurisdiction over him, and the

4

complaint and summons against him will be dismissed without
prejudice.

**B. Defendant GPD**

Defendant GPD moves to dismiss the claims against it on the
ground that it is not a legal entity capable of being sued. (Doc.
11 at 5.) Mobley does not directly respond to this argument and
simply implores the court to deny the motion to dismiss. (Doc. 13
at 3.)

Federal Rule of Civil Procedure 17(b)(3) provides that a
party's capacity to be sued is governed by "the law of the state
where the court is located." In North Carolina, GPD is not an
independent legal entity separate from the City of Greensboro.
Waller v. Butkovich, 584 F. Supp. 909, 925 (M.D.N.C. 1984) (finding
that "the 'Greensboro Police Department' is not an independent
legal entity"). Thus, GPD lacks the capacity to be sued, and
Defendants' motion to dismiss as to GPD should be granted on this
basis. Dash v. Walton, No. 1:99CV00350, 2000 WL 1229264, at *2
(M.D.N.C. July 17, 2000).

Even if Mobley had sued the correct entity (the City of
Greensboro), his claims arising from an allegedly false arrest -
which can proceed in this court, if at all, as constitutional
violations pursuant to 42 U.S.C. § 1983 - would nevertheless be
made against a municipality. To state a § 1983 claim for relief

5

against a municipality, a plaintiff must allege actions that are unconstitutional as a result of an official municipal policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Mobley plainly alleges none. Moreover, § 1983 liability cannot rest on respondeat superior liability. Id.

## C. Statute of Limitations

All Defendants further move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted because it is facially barred by the statute of limitations. (Doc. 11 at 3-5.) Again, Mobley does not directly respond to this argument. However, in his response brief, he states that Officers Estes and Brown "caus[ed] malicious prosecution" when they "embellished the arresting events" in their presentation to the magistrate to secure his arrest and that Estes "misused his power that abused [his] US Constitution Rights which intentional [sic] violated and deprived [him] the privileges of freedom under Federal Law." (Doc. 13 at 2.) He further contends that the charges against him were dismissed on February 4, 2014. (Id. at 3.) Defendants argue that even if these statements are construed as a claim for malicious prosecution, it is nevertheless barred because the complaint was filed more than three years after such a claim accrued.

As noted, any claim Mobley seeks to pursue in this federal

6

court must be construed as one for a violation of his constitutional rights brought pursuant § 1983. Because Mobley proceeds pro se, the court can consider his contentions in his briefing that reasonably relate to his complaint. Armstrong, 129 F.3d 1258. However, while he contends his complaint also raises a claim of "malicious prosecution," "there is no such thing as a '§ 1983 malicious prosecution' claim." Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). What some courts have termed a "malicious prosecution" claim "is simply a claim founded on a Fourth Amendment seizure." Id.; see also id. at 261 ("[T]he right to be free from prosecution without probable cause [is] . . . a right to be free from unreasonable seizures."). But see Smith v. Munday, 848 F.3d 248, 252-53 (4th Cir. 2017) ("The district court properly stylized Smith's false arrest claims against the investigating officers as malicious prosecution claims. A claim of malicious prosecution under § 1983 is a claim 'founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution.'" (quoting Lambert, 223 F.3d at 262)).

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." Miller v. Prince George's Cty., 475 F.3d 621, 627 (4th Cir. 2007) (quoting Brooks

7

v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996)). Thus, a claim for an arrest and prosecution without probable cause is cognizable under the Fourth Amendment, which "define[s] the 'process that is due' for seizures of person or property in criminal cases, including the detention of suspects pending trial." Taylor v. Waters, 81 F.3d 429, 436 (4th Cir. 1996) (applying Albright v. Oliver, 510 U.S. 266 (1994)). A Fourth Amendment seizure claim that incorporates the elements of malicious prosecution requires that "[1] the defendant have 'seized plaintiff pursuant to legal process that was not supported by probable cause and [2] . . . the criminal proceedings have terminated in plaintiff's favor.'" Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012) (quoting Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005)).

    With this understanding, the court turns to the limitations issue. Section 1983 has no statute of limitations but borrows it from applicable State law. Burnett v. Grattan, 468 U.S. 42, 48-49 (1984). In this instance, the applicable limitation is North Carolina's three-year statute of limitations for personal injury actions. Wallace v. Kato, 549 U.S. 384, 387 (2007); N.C. Gen. Stat. § 1-52(5); Brooks, 85 F.3d at 181 ("Because the state limitations period governing a claim for damages for personal injuries applies to a § 1983 action, regardless of the allegations

8

in the complaint, the three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52(5) (1995) controls." (internal citation omitted)). North Carolina's personal injury statute of limitations also governs claims for assault, battery, false imprisonment, and malicious prosecution. N.C. Gen. Stat. § 1-52; Brooks, 85 F.3d at 181.

The question of when a claim accrues is a matter of federal law. Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181 (citing Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (1995)). A § 1983 claim accrues when the plaintiff knows or possesses sufficient facts to have reason to know of the injury that is the basis of the action. Wallace, 549 U.S. at 387. Under this standard, a claim for false arrest accrues when the claimant becomes detained pursuant to legal process. Id. at 397. A claim for malicious prosecution accrues when the underlying criminal proceedings are terminated in favor of the claimant. Brooks, 85 F.3d at 183.

The statute of limitations is an affirmative defense that must be proven by a defendant by a preponderance of the evidence. Fed. R. Civ. P. 8(c)(1); Stack v. Abbott Labs., Inc., 979 F. Supp. 2d 658, 664 (M.D.N.C. 2013). A court can reach the merits of a limitations issue at the Rule 12(b)(6) stage only "if all facts necessary to the [statute of limitations] defense 'clearly

9

appear[] on the face of the complaint.'" Stack, 979 F. Supp. 2d at 664 (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)) (alteration in original). All of Mobley's claims except his claim for Fourth Amendment seizure incorporating malicious prosecution meet this criterion.

Mobley alleges that he was arrested for illegal drug possession on October 31, 2013. He also states that at his hearing on December 2, 2013, a magistrate held that his arrest was "justified" based on information from Officers Estes and Brown who "embellished and abused their authority." (Doc. 16 at 2.) He further states that on February 4, 2014, his "arrest and unconstitutional incarceration was subsequently reversed and all charges were dropped." (Doc. 13 at 3.) For some reason, however, he was not released from custody until March 10, 2014. (Doc. 16 at 3.) Mobley filed his complaint on February 10, 2017. (Doc. 1.)

Mobley's facts potentially implicate claims for false arrest, false imprisonment, and malicious prosecution. The Supreme Court has provided guidance in parsing out what claims, if any, may serve as a predicate for a § 1983 action, and when. In Wallace, the Court stated that where a defendant is falsely arrested, his § 1983 claim for false arrest begins to accrue at the time of the arrest. However, because "false imprisonment consists of detention without

10

legal process, a false imprisonment ends once the victim becomes held pursuant to such process – when, for example, he is bound over by a magistrate or arraigned on charges." Wallace, 549 U.S. at 389. "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Id. at 390. Consequently, "[i]f there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Id. (citation omitted). The Court concluded that "petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date, but for its tolling by reason of petitioner's minority." Id. The Court reiterated that "at common law damages for detention after issuance of process or arraignment would be attributable to a tort other than the unlawful arrest alleged in petitioner's complaint." Id. at 391.

As to Mobley's claim for false arrest, therefore, it accrued

11

at the time of his arrest and is plainly time-barred because it was filed more than four years thereafter.

As to his claim of malicious prosecution, Mobley brought it three years and six days after February 4, 2014, which, he alleges, was the day on which his "incarceration was . . . reversed and all charges dropped." (Doc. 13 at 3.) Mobley also claims, however, that he remained incarcerated until March 10, 2014. (Id.) Neither party offers an explanation as to why Mobley was detained for over a month after his charges were dropped. Viewed in the light most favorable to Mobley, this gap creates a reasonable inference that for the purpose of accrual, the proceedings against him may not have terminated on February 4, 2014. See Ibarra, 120 F.3d at 474. Certainly, it is not clear "on the face of the complaint" that Mobley's action for malicious prosecution accrued on the day he says all charges were dropped "in [the] Chambers of an undisclosed Judge" in a hearing with his attorney and the district attorney. (Doc. 13 at 3.) See Stack, 979 F. Supp. 2d at 664. These conclusions are bolstered by the fact that Mobley is proceeding pro se; the court cannot expect a non-specialist to know precisely when his proceedings were terminated for the purpose of accrual under § 1983. Mobley's claim for malicious prosecution therefore

12

cannot be dismissed at this time.[2]

This leaves Mobley's § 1983 claim based on false imprisonment. Under Wallace, even though Mobley remained in custody until March 10, 2014 (which was within three years of the filing of his complaint), a false imprisonment claim "ended much earlier, when legal process was initiated against him, and the statute would have begun to have run from that date." 549 U.S. at 390. According to Mobley's contentions, legal process was initiated at least by his December 2, 2013 hearing before the magistrate. Thus, any claim for false imprisonment expired certainly by three years later, on December 3, 2016. Mobley's current complaint, filed February 10, 2017, is out of time for this claim.

Defendants' motion to dismiss will therefore be granted as to all grounds for Mobley's § 1983 claim except those based on alleged malicious prosecution.

## III. CONCLUSION

[2] In their first brief, Defendants assert that Officers Estes and Brown enjoy qualified immunity as to Mobley's claim for false arrest. (Doc. 11 at 6-8.) This defense is moot as to the claims the court has dismissed. Because Mobley raised his malicious prosecution claim for the first time in his response brief, Defendants' initial brief did not address qualified immunity as to that claim. In their reply brief, however, Defendants failed to raise qualified immunity as a defense to malicious prosecution. Therefore, the court declines to address whether either officer enjoys qualified immunity as to the § 1983 claim based on malicious prosecution – an issue Defendants are free to raise in the future.

13

For the reasons set forth above,

IT IS ORDERED that Defendants' motion to dismiss (Doc. 10) is GRANTED as to Mobley's claims against Defendant Estes, which are DISMISSED WITHOUT PREJUDICE for insufficiency of service of process; as to Mobley's claims against Defendant GPD, which are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted; and as to Mobley's § 1983 claim against Defendant Brown, which is DISMISSED to the extent it relies on any ground other than alleged malicious prosecution. Thus, the only claim to proceed at this time is Mobley's § 1983 claim against Defendant Brown based on malicious prosecution.

          /s/   Thomas D. Schroeder
          United States District Judge

July 21, 2017