IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JASON D. MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-114 |
| | ) | |
| GREENSBORO CITY POLICE DEPARTMENT, OFFICER B.D. ESTES, AND OFFICER T.D. BROWN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Plaintiff Jason Darnell Mobley brings this action pro se, seeking damages as a result of his alleged wrongful arrest. Before the court is Defendant T.D. Brown's motion for reconsideration (Doc. 37) of the court's earlier order (Doc. 17) denying his motion to dismiss (Doc. 10). The motion for reconsideration has been briefed (Docs. 38, 40, 44) and is ready for decision. For the reasons set forth below, the motion will be granted, and the action will be dismissed.

**I. BACKGROUND**

The facts have previously been addressed in the court's earlier memorandum opinion and order (Doc. 17) and memorandum order (Doc. 35) and are incorporated herein by reference. (Doc. 17.) All facts are construed in the light most favorable to Mobley as the nonmoving party.

Mobley brought several claims against various Defendants, including Brown, arising out of his arrest in October 2013. (Doc. 2.) In the court's July 21, 2017 memorandum opinion and order, the court construed Mobley's complaint and subsequent flings to raise claims for false arrest, false imprisonment, and malicious prosecution. (Doc. 17 at 10.) The court dismissed the claims against Officer B.D. Estes for insufficient service, held that Mobley failed to state a claim against the City of Greensboro, and dismissed Mobley's claims for false arrest and false imprisonment against Brown as time-barred. (Id. at 14.) Thus, all of Mobley's claims were dismissed except for his § 1983 claim against Brown based on malicious prosecution. (Id.) The court declined to dismiss that claim because it was unclear whether it was barred by the statute of limitations. (Id. at 12.)

Defendant Estes was then properly served, and he moved to dismiss the claims against him for failure to state a claim upon which relief can be granted. (Doc. 29.) Estes argued that the claim for malicious prosecution was time-barred under the applicable three-year statute of limitations. (Doc. 30 at 3-5.) The court agreed and issued a memorandum order dismissing Mobley's claims on February 2, 2018. (Doc. 35.) In so doing, the court took judicial notice of a certified copy of an order of dismissal reflecting that the state charges against Mobley underlying his claim (in case number 13cr95810) were dismissed on February 4,

2

2014.  (Id. at 10-11.)  Based on that, the court held that it was clear on the face of the complaint that any claim for malicious prosecution accrued on February 4, 2014, the day Mobley alleges all criminal charges against him were dropped following a hearing.  (Id. at 11.)  The court held that even though Mobley may have been incarcerated until March 10, 2014, as he has previously alleged, he knew or had reason to know of his injury when his charges were dismissed on February 4, 2014.  (Id.)  Because Mobley did not file his present action until February 10, 2017, the court found that Mobley's claim for malicious prosecution was barred by the applicable 3-year statute of limitations.  (Id. at 12.)  The court noted in a footnote that "[w]hile this result would appear to apply to the remaining claim for malicious prosecution against Brown, the court [could] not address it" because there was no motion by Brown before the court at the time.  (Id. at 12 n.7.)

Defendant Brown then filed the present motion for reconsideration.  (Doc. 37.)  Mobley filed a supplement entitled "Evidentiary of Factual Contenance in Memoranda or Replies Supporting Pro Se Actions Seeking Compensation and Final Judgment."  (Doc. 40.)  The court entered an order notifying Mobley that if he did not intend for his supplement to constitute his response to Brown's motion for reconsideration, he had fourteen days within which to file a response.  (Doc. 43.)  Mobley then filed a one paragraph response that was identical to the first

3

page of his prior supplement. (Doc. 44.) Thus, Mobley has been given ample notice of his right to respond, and has done so.

**II. ANALYSIS**

Brown invokes Rule 54(b) of the Federal Rules of Civil Procedure and the inherent authority of the court to reconsider its earlier July 21, 2017 memorandum opinion and order partially denying his motion to dismiss based on the statute of limitations. (Doc. 37 at 1.)

Any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The court's July 21, 2017 memorandum opinion and order (Doc. 17) is an interlocutory order which can be reviewed by this court, "on motion or sua sponte, at any time prior to the entry of a final judgment." Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991); see Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, 326 F.3d at 514–15.

The Fourth Circuit has held that a court may revise an interlocutory order under Rule 54(b) in three circumstances: "(1)

4

a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting Am. Canoe Ass'n, 326 F.3d at 515); U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236 (4th Cir 2018). However, when assessing a Rule 54(b) motion for reconsideration, these standards are not applied with the same strictness as when they are used under Rule 59(e). Am. Canoe Ass'n, 326 F.3d at 514-15. The Rule 54(b) standard departs from the Rule 59(e) standard "by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." U.S. Tobacco Coop. Inc., 899 F.3d at 257 (quoting Carlson, 856 F.3d at 325). "Although Rule 54(b) motions for reconsideration are held to a less stringent standard than motions under Rule 59(e), such motions 'should not be used to rehash arguments the court has already considered' or 'to raise new arguments or evidence that could have been raised previously.'" Hatch v. Demayo, No. 1:16cv925, 2018 WL 6003548, at *1 (M.D.N.C. Nov. 15, 2018) (slip copy) (quoting South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017)). While the court's authority to reconsider interlocutory orders "may be tempered at times by concerns of finality and judicial economy," "[t]he ultimate responsibility of the federal courts . . . is to reach the correct judgment under law." Am. Canoe Ass'n, 326 F.3d

5

at 515.

Brown argues that reconsideration of the earlier interlocutory order is appropriate based on the additional information before the court -- namely, the order of dismissal for Mobley's criminal charges -- and the court's reliance on it to dismiss the similar malicious prosecution claim against Estes. (Doc. 38 at 4.) Brown contends that as the court determined that the statute of limitations for Mobley's malicious prosecution claim against Defendant Estes accrued on February 4, 2014, rendering that claim time-barred, the same claim against Brown should be dismissed for the same reason. (Id.; Doc. 37 ¶ 2-6.)

Mobley has not provided any legitimate reason to avoid this result. His supplement includes a paragraph summarizing his claim and damages sought, a copy of the dismissal of the charges against him, Guilford Metro 911 records, and a personnel order from the Greensboro Police Department notifying Estes of his termination. (Doc. 40). Mobley's response consists of the same paragraph from his supplement that summarizes his claim and damages sought. (Doc. 44.) Mobley provides no response to Brown's arguments for reconsideration.

The court concludes that Brown is correct and that consideration of the order of dismissal for Mobley's criminal charges is in the interest of justice because the order was not before the court at the time it decided Brown's first motion to

dismiss.  In fact, when the court took judicial notice of the order of dismissal, it noted that although Brown might also benefit from it, the lack of a pending motion by him at that time precluded the court's consideration.  (See Doc. 35 at 12 n.7.)  On the current record, it is clear that Mobley's malicious prosecution claim against Brown accrued on February 4, 2014, and is therefore time-barred as well.  It would serve no useful purpose to permit the lawsuit to proceed under these circumstances.

### III. CONCLUSION

For the reasons set forth above, therefore,

IT IS ORDERED that Defendant Brown's motion for reconsideration (Doc. 37) is GRANTED and that Plaintiff's claim for malicious prosecution against Brown is DISMISSED WITH PREJUDICE.

This resolves all claims in this case.  A judgment in accordance with the court's rulings on dispositive motions will be entered contemporaneously with this order.

                                      /s/   Thomas D. Schroeder
                                    United States District Judge

November 21, 2018